**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **GREAT AMERICAN INSURANCE CO.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-2195** |
| **JACK THORSON, ET AL.** | **SECTION B(2)** |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion For Summary Judgment
(Rec. Doc. No. 20).  After review of the pleadings and applicable
law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion is **GRANTED.**

### *BACKGROUND*

In November, 2002, Defendants/Counterclaimants, Jack and
Charlene Thorson ("Thorson"), purchased a thoroughbred race horse,
KIMBERLITE PIPE, for the sole purpose of breeding mares.  Thorson
purchased a series of Livestock Mortality insurance policies from
Great American Insurance Company ("Great American").  The original
policy included a Stallion First Season Infertility Endorsement and
an Accident, Illness, Disease and Infertility Endorsement with an
effective date of November 30, 2002 to November 30, 2003.  The
Renewal Policy is identical to the original Livestock Mortality
insurance policy and includes an Accident, Illness, Disease and
Infertility Endorsement and was effective November 30, 2003 to
November 30, 2004.  However, the renewal policy does not include

1

the Stallion First Infertility Endorsement.  KIMBERLITE PIPE was insured under the original and the renewed policy for $150,000.00.

Thorson began receiving correspondence in February 2003 regarding KIMBERLITE PIPE's subpar sperm quality.  Thorson received a letter dated August 9, 2004 confirming KIMBERLITE PIPE's abnormal sperm quality.  On September 23, 2004, Thorson filed a claim with Great American under the terms of the Original Policy and/or the Renewal Policy based on KIMBERLITE PIPE's congenital infertility. Thorson submitted a written demand upon Great American for payment on the claim.  Great American denied the claim.

Great American filed this declaratory action against Thorson. Thorson subsequently filed a counterclaim against Great American seeking penalties in the amount of two times the policy limits due to Great American's denial of the claim.

*DISCUSSION*

Great American seeks summary judgment declaring Thorson failed to satisfy the conditions precedent to insurance coverage and, as such, Great American does not owe insurance benefits to Thorson.

**A. Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*,

477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the nonmoving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Assocs. of N. Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B.    The Insurance Contract.**

An insurance policy is a contract between the parties and should be construed pursuant to the general rules of contract interpretation. *Reynolds v. Select Properties, Ltd.*, 634 So. 2d 1180, 1183 (La. 1994). The words of the policy manifest the parties' intent and determine the extent of coverage. *Id*. "Insurers may, by unambiguous and clearly noticeable provisions, limit liability and impose such reasonable conditions as they may wish upon the obligations they assume by contract, absent conflict with a statute or public policy." *Nolan v. Golden Rule Ins. Co.*, 171 F.3d 990, 993 (5 Cir. 1999). Notice provisions are reasonable

3

material conditions, therefore, failing to give the proper notice will result in a failure of recovery. *MGIC Indemnity Corp. v. Central Bank Of Monroe,* Louisiana, 838 F.2d 1382, 1386 (5th Cir. 1988) citing *Menard v. Citizens Ins. Co. of New Jersey*, 184 So.2d 85 (La. App. 4 Cir. 1966). Louisiana law enforces insurance contracts requiring notice as a condition precedent without requiring the insurer to make a showing of prejudice. *Id*.

The Live Stock Mortality Policy provided the following general condition:

> 6.   It is a condition precedent to any liability of the Company hereunder that:
>
> (a)   the Insured shall at all times provide proper care and attention for each animal hereby insured, and
>
> (b)   in addition, in the event of any illness, disease, lameness, injury, accident or physical disability whatsoever of or to an insured animal the Insured shall immediately at this [sic] own expense employ a qualified Veterinary Surgeon and shall, if required by the Company, allow removal for treatment, and
>
> . . .
>
> (d)   in either event the Insured shall immediately give notice by telephone or telegram to the person or persons specified on the policy, who will instruct a Veterinary Surgeon on the Company's behalf if deemed necessary.

The Accident, Illness, Disease Infertility Endorsement provides:

> (1)  Additional Coverage
> This policy covers KIMBERLITE PIPE . . . if during the policy period it becomes

4

permanently: impotent; infertile; or incapable of serving mares.  This incapacity must result from an accident, illness or disease which occurs after the effective date of this endorsement.

The Stallion First Season Infertility provides:

7. It is a Condition precedent to liability that the Assured shall give immediate notice to the Claims department, (800)331-0211 in the event of:

   a. there being any indication of the insured stallion's incapacity to either successfully breed mares to achieve pregnancies

   b. there being any incident whether of disease or otherwise at or adjacent to the stud where the stallion is standing which is likely to affect or interrupt the stallion's breeding program.

   In either of which events the Assured shall do, or allow the Underwriter's to do, all that is reasonably required by the Underwriters to prevent a loss under this Policy which will entail:

   a. . . .

   b. access by their Veterinary Surgeons to the stallion, mares and related stud records, including copies of, as soon as received by the stud, Veterinary Certificates as required under Condition 9 of this Policy.

AND

9. It is a Condition precedent to liability that the Assured shall obtain from the owners of all mares bred, Veterinary Certificates stating whether the mares are pregnant at not more than 45 days after their last breeding date by the insured stallion.  From this information

5

> the stallion's fertility percentage will
> be calculated.  In the absence of such a
> veterinary examination within the time
> and in the form prescribed above, a mare,
> which has been bred, will be included in
> the fertility percentage calculations as
> if pregnant.

**C.  Defendants failed to satisfy the notice conditions precedent to liability.**

Defendants failed to comply with the unambiguous conditions precedent to liability requiring immediate notice.  Defendants claim ignorance of KIMBERLITE PIPE's congenital infertility until September, 2004.  However, the fact that Thorson received several letters regarding the abnormalities in KIMBERLITE PIPE's sperm beginning in February, 2003 is uncontested.

In *P.A. Menard v. Citizens Insurance Company Of New Jersey*, 184 So.2d 85 (La. App. 4 Cir. 1966), the mortality floater insurance policy at issue contained a notice requirement that was a condition precedent to liability.  The insured failed to notify the insurance company when his horse developed bursitis.  *Id.* at 86.  The insured continued to treat the horse upon the belief that the bursitis could be cured.  *Id.*  The horse's condition worsened and it was necessary to destroy the horse.  *Id.*  The court held that the insured's failure to give the defendant notice precluded him from recovering insurance benefits.  *Id.* at 88.

Similarly, Defendants contend that KIMBERLITE PIPE's condition was not uncommon for a recently retired race horse.  Therefore, Defendants believed KIMBERLITE PIPE's condition would improve.

6

Nonetheless, the letters of correspondence documenting abnormality sufficiently establish that an **"indication** of the insured stallion's incapacity to either successfully breed mares or to achieve pregnancies" existed.[1]   Thorson failed to immediately notify Greater American in accordance with the plain language of the condition precedent to liability included in the Stallion First Season Infertility Endorsement.   As such, recovery under this endorsement is precluded.

Defendants failed to comply with the Live Stock Mortality Policy condition precedent to liability requiring immediate notice of any "physical disability whatsoever."[2]   As such, general recovery under this policy is precluded.

Moreover, the Accident, Illness, Disease Infertility Endorsement is not implicated under these circumstances as this endorsement is clearly limited to liability to those instances in which the permanent impotency, infertility or inability to service mares occurs during the terms of the policy.   Here, KIMBERLITE PIPE was diagnosed with congenital infertility.   Therefore, Thorson is not entitled to recovery under this endorsement.

Plaintiff further asserts that Defendant failed to comply with the Stallion First Season Infertility Endorsement Condition Precedent to liability requiring the Insured to submit Veterinary Certificates  stating whether or not mares are pregnant forty-five

---

[1]Stallion First Season Infertility Endorsement, ¶ 7.

[2]Live Stock Mortality Policy, ¶ 6(b).

(45) days after the last breeding date with the insured stallion. In opposition, Defendant contends that the condition is unreasonable and therefore unenforceable. The resolution of this issue is not dispositive.

Defendants failed to immediately notify Plaintiff in accordance with the condition precedent to liability. Therefore, Thorson is not entitled to recover insurance benefits from Greater American. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED.**

New Orleans, Louisiana, this 3rd day of October, 2006.

UNITED STATES DISTRICT JUDGE